Brian CHISM, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 54S05–0503–CR–105.

Supreme Court of Indiana.

March 14, 2005.

Ian A.T. McLean, Crawfordsville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

SHEPARD, Chief Justice.

As technology marches forward, some Indiana trial courts have taken to using home detention monitoring systems that employ global positioning system equipment (commonly called "GPS"). Chism contends that the relevant provisions of the Indiana Code do not authorize these devices. We hold that they do.

As part of his sentence for conspiracy to deliver cocaine and driving while intoxicated, the trial court ordered Chism to serve time on home detention. The community corrections program charged with supervising Chism's detention deployed a traditional monitoring system. Chism wore an ankle bracelet that sent a signal to a monitoring box in his home. The box connected through a telephone line to the community corrections agency.

Late in 2003, the State filed a petition to revoke or modify Chism's placement on detention, alleging that he had spent the night away from his home without permission and failed to pay the required user fees. The trial court found that these violations had occurred. At a disposition hearing in early 2004, the court ordered that Chism's home detention be supervised through GPS, permitting community corrections to identify Chism's exact location

at any given moment with the aid of a satellite.

On appeal, the Court of Appeals affirmed in part and reversed in part. *Chism v. State*, 813 N.E.2d 402 (Ind.Ct. App.2004) *vacated.* It rightly rejected Chism's contentions of error concerning whether he had violated the conditions of his placement. Ind. Appellate Rule 58(A). The Court of Appeals also held that the Indiana Code did not permit assigning GPS monitoring. We grant transfer and hold otherwise.

The home detention statutes differentiate between "offenders" and "violent offenders." Ind.Code Ann. § 35–38–2.5–1 to –13 (West 2004).[1] An offender is anyone who is convicted of a crime (and any adjudicated delinquent). Ind.Code Ann. § 35–38–2.5–4 (referring to Ind.Code § 11–8–1–9). As a condition of home detention, a court must require an offender to maintain "a working telephone in the offender's home" and may require an offender to maintain a " 'monitoring device' in the offender's home or on the offender's person, or both." Ind.Code Ann. § 35–38–2.5–6(6).

This case turns on the definition of "monitoring device." The Code says that a monitoring device is an electronic device that:

(1) is limited in capability to the recording or transmitting of information regarding an offender's presence or absence from the offender's home;

(2) is minimally intrusive upon the privacy of the offender or other persons residing in the offender's home; and

(3) with the written consent of the offender and with the written consent of other persons residing in the home at the time an order for home detention is entered, may record or transmit:

(A) visual images;

(B) oral or wire communication or any auditory sound; or

(C) information regarding the offender's activities while inside the offender's home.

Ind.Code Ann. § 35–38–2.5–3.

Chism acknowledges that the GPS system does not record or transmit any of the sort of information described by subsection (3) above. He argues instead that because GPS monitoring records more than his "presence or absence" from his home, it does not qualify as a "monitoring device" under the Code.

We see the statute as differentiating between (1) those devices that require the offender's consent (and that of others residing in the home) to allow corrections personnel to watch or listen to things happening inside the offender's home, and (2) those devices that a court may require without the offender's consent, devices that simply tell whether the offender is there or not without transmitting images or sound. The GPS monitoring system falls in the latter category. The fact that the GPS will tell corrections where Chism is when he is not at home does not destroy its status as a device that broadcasts only location.

Thus, we hold the Code permits GPS monitoring and affirm the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

---

1. All subsequent Code references are to the West 2004 edition.